**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANGUARD ENERGY PARTNERS LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HANOVER INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 18-13124 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

     This matter comes before the Court upon Defendant The Hanover Insurance Company's ("Hanover") Motion for Default Judgment against Third-Party Defendants Jeffrey J. Mathie and Cheryl Mathie (collectively, "the Mathies"). The Mathies did not enter an appearance in this matter or file opposition to Hanover's Motion. The Court has carefully considered Hanover's submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Hanover's Motion is denied without prejudice.

## I.    BACKGROUND

     The facts of the underlying matter (the "Primary Case") are set forth in the Court's July 31, 2020 Memorandum Opinion (ECF No. 67) and will not be repeated in detail herein. In the Primary Case, Vanguard Energy Partners sought judgment against Hanover based upon two bonds Hanover issued and for which it acted as surety. (*See generally* Compl., ECF No. 1.) The bonds were issued by Hanover on behalf of Patriot Solar Group, LLC, at the request of the Mathies. (Third-Party Compl. ¶¶ 5–9, ECF No. 20.) In securing the bonds, the Mathies signed an Indemnity Agreement

in which the Mathies agreed to "exonerate, indemnify[,] and hold Hanover harmless from and against all [losses]" pertaining to the issuance. (*Id.* ¶¶ 6–9.) Based upon this Indemnity Agreement, Hanover filed a Third-Party Complaint against the Mathies seeking a ruling that the Mathies would be liable for any judgment against Hanover in the Primary Case. (*See generally id.*)

Hanover filed its Third-Party Complaint on May 23, 2019. (*Id.*) The Complaint identified Hanover as a Massachusetts corporation and the Mathies as Michigan residents. (*Id.* ¶¶ 1–2.) The Complaint further provided a basis for subject-matter jurisdiction but did not provide a basis for personal jurisdiction as to the Mathies. (*Id.* ¶¶ 3–4.)

On June 7, 2019, the Mathies were served with a copy of the Summons and the Third-Party Complaint. (Certification Supp. Default J. ¶¶ 8–9, ECF No. 66-1.) The Mathies did not respond to the Complaint. (*See id.* ¶ 10.) Consequently, on September 3, 2019, the Clerk of this Court issued an Entry of Default against the Mathies for "failure to plead or otherwise defend." (*Id.*) On October 7, 2019, after still having received no communication from the Mathies, this Court issued an order directing the Mathies to respond to the Third-Party Complaint by October 31, 2019. (*See id.* ¶ 11.) To date, the Mathies have not answered or otherwise responded to the Third-Party Complaint. (*Id.* ¶ 13.) As such, Hanover has moved for a Default Judgment. (Def. Mot. Default J., ECF No. 66.) In its Certification in Support of its Motion for Default Judgment, Hanover again provides a basis for subject-matter jurisdiction but does not provide a basis for personal jurisdiction. (Certification Supp. Default J. ¶¶ 5–6, ECF No. 66-1.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the two-step process required to obtain a default judgment. First, the clerk must enter a party's default. Fed. R. Civ. P. 55(a). Next, a party seeking default judgment may request default judgment from: (1) the clerk if its claim is for a sum

certain or a sum that can be made by computation; or (2) from the court in all other cases. Fed. R. Civ. P. 55(b). The court must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the [moving party] if default is denied[;] (2) whether the [non-moving party] appears to have a litigable defense[;] and (3) whether [the non-moving party's] delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The "entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

**III.   DISCUSSION**

Hanover argues that Default Judgment is appropriate in this case because the Mathies failed to respond to the Third-Party Complaint and have otherwise been nonresponsive. (*See generally* Certification Supp. Default J.) Procedurally, Hanover complied with the Federal Rules of Civil Procedure by obtaining an Entry of Default against the Mathies (Fed. R. Civ. P. 55(a)), and by filing its Motion for Default Judgment against the Mathies (Fed. R. Civ. P. 55(b)(2)). Hanover, however, did not provide facts demonstrating that an exercise of personal jurisdiction over the Mathies by this Court is proper.

This Court cannot grant Hanover's Motion for Default Judgment if it does not have personal jurisdiction over the Mathies. "The entry of default judgment is not a matter of right, but rather a matter of discretion, which 'is not without limits.'" *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (citing *Hritz*, 732 F.2d at 1180–81). One such limit is the requirement that a district court have personal jurisdiction over the defaulting defendant. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017); *see also Pars Tekstil Sanayi Tic, A.S. v. Dynasty Designs, Inc.*, No. 08-1147, 2008 WL 3559607, at *1 (E.D. Pa. Aug.

3

13, 2008) ("A district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant."). "If the rendering court d[oes] not have personal jurisdiction, then the judgment [is] not merely erroneous; it never should have been entered in the first place." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 259 (3d Cir. 2008).

"[I]n contrast to the general rule that personal jurisdiction is waivable, a court considering a motion for a default judgment must *sua sponte* ensure that an exercise of personal jurisdiction over each defaulting defendant is proper." *Mark IV*, 705 F. App'x at 108 (alteration in original) (quoting *Allaham v. Naddaf*, No. 13-3564, 2015 WL 3421464, at *3 (E.D. Pa. May 28, 2015)); *see also Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010) ("Before entering default judgment, the [c]ourt must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties."). "'[T]he burden of demonstrating the facts that establish personal jurisdiction,' falls on the [moving party.]" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading that states a claim for relief to provide "a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"). "In the absence of an evidentiary hearing, a plaintiff's complaint need only establish a *prima facie* case of personal jurisdiction" for that burden to be met. *See Allaham*, 635 F. App'x at 36.

Here, Hanover did not carry its burden of demonstrating facts that establish personal jurisdiction. In neither the Third-Party Complaint nor the Motion for Default Judgment did Hanover offer a factual basis sufficient for this Court to exercise personal jurisdiction. (*See generally* Third-Party Compl.; Def. Mot. Default J.)

4

In the Third-Party Complaint, Hanover identified the Mathies as citizens of Michigan. (Third-Party Compl. ¶ 2.) Yet, the Complaint offered no facts demonstrating how a New Jersey Court could exercise personal jurisdiction over the Mathies, Michigan residents. (*See generally id.*) Specifically, under the Complaint subheading "Jurisdiction and Venue," Hanover offered a basis for subject-matter jurisdiction and venue but was silent as to a basis for personal jurisdiction over the Mathies. (*Id.* ¶¶ 3–4.) In addition, no facts were offered anywhere else in the Complaint suggesting a basis for personal jurisdiction. (*See generally id.*)

Similarly, Hanover failed to provide a basis for the exercise of personal jurisdiction in support of its Motion for Default Judgment. (*See generally* Def. Mot. Default J.) The accompanying Certification in Support of Entry of Default Judgment provided no facts demonstrating that personal jurisdiction is proper over the Mathies. (*See generally* Certification Supp. Default J.) The Court, therefore, cannot grant Hanover's Motion for Default Judgment.

## IV.   CONCLUSION

For the reasons articulated above, Hanover's Motion for Default Judgment is denied without prejudice. The Court shall afford Hanover the opportunity to file a renewed motion for default judgment, which must include the basis for the Court's exercise of personal jurisdiction as to the Mathies.[1]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] The renewed motion must also include a legal brief pursuant to Local Civil Rule 7.1(d).